Thatcher, J.
I concur in my brother’s opinion, and for the same reasons. It appears to me, that these goods were taken by Tuttle, anima furandi, a.t Harvard, and that it is immaterial how they came there; that Tuttle brought them, thus stolen, to Boston, where the present defendant received them, knowing, beyond all doubt, that they had been stolen. We have, then, under the impression that the facts make on my mind, no occasion to call in the cases of Lord and Cullen to support this verdict. I am against a new trial.
Sedgwick, J.
In this case, the defendant is convicted on an indictment charging him with receiving the goods enumerated in it, which were stolen by Amos Tuttle from Moses Bow, Jun., knowing them to have been so stolen. On the trial it appeared, by the evidence, that the goods were stolen by Tuttle in the state of New Hampshire, by him brought into this state, at first concealed, after-wards deposited in the hands of an innocent person in this state, again received by Tuttle, and by him finally delivered to the defendant, who, at the time he received the goods, was acquainted with all these circumstances. The defendant has been convicted on satisfactory evidence ; but it is *said by his [ * 21 ] counsel, “ that, as the original theft was committed in *28 another independent state, the principal offender, Tuttle, could not be convicted here, although he brought the goods into this county ; that the goods have, in fact, never been stolen here; and that, therefore, the defendant ought not to be punished as a receiver of stolen goods.” And it is undoubtedly true that although, by our statute, the conviction of the principal thief is not necessary to the conviction of the receiver, yet, unless there has been a theft within the state, there can be no receiver of the stolen goods, and the defendant ought not to have been convicted.
At the trial I inclined to the opinion, and my brethren who sat with me concurred in it, that, whatever might be determined as to the principal question in this case, the goods having got into the hands of an innocent third person, the taking them a second time, by Tuttle, while the property of Dow continued, might properly be considered as a new theft; and in that case they were, even admitting the objection of the defendant’s counsel, stolen within this state. But I do not choose that my opinion should rest upon that circumstance, as I am satisfied that, independently of it, the conviction is right.
The only case relied upon, as directly in point, is that of the pirates, in 3 Inst. 113. “ Butler, and other pirates, in summer vacation, robbed divers of his majesty’s subjects upon the coast of Norfolk, upon the high seas, and brought divers of the goods taken into the county of Norfolk, and there were apprehended with the goods; the question moved to Wray, Chief Justice, and Justice Peryam, justices of assize in Norfolk, was, whether they might be indicted of felony in Norfolk, as, if one steal goods in one county and carry them into another, he may be indicted in either county ; — and it was resolved bv them that they could not be indicted for felony in Norfolk, because the original taking was no felony whereof the common law took conusance, because it was done upon the sea, out of the reach of the common law, and therefore not like the case where one stealeth in one county and carrieth the goods into another, for the original act was felony, whereof the com- [ * 22 ] mon law took conusance.” The only reason * which appears to have influenced the court was, that the jurisdiction of another court of the same government had attached, previous to any crime having been committe.d of which that court had jurisdiction. But it does not determine that, if goods had been stolen in another country and brought into England, the fraudulent possession there would not have been considered such a taking as to have constituted it a theft.
But it is said that we have no means of determining what acts will constitute a theft in New Hampshire. To this I answer, that I know not why we might not inquire, if it was necessary, what in *29 this respect, is the law in that state. But it is not necessary. The crime of theft is local, and can be tried nowhere but in the county where it is committed; and, therefore, there must have been a theft by Tuttle, as charged in the indictment, or the defendant is not guilty. We know, however, that goods taken as these were still continue the property of the owner. When so taken in New Hampshire, and brought into this state, those goods were still the property of Dow. Not only the property, but the possession also, in legal contemplation, continued in him ; and every moment’s continuance of the trespass is as much a wrong as the first taking, and may as well come under the word cepit. (6) And hence it follows, that Tuttle did take, wherever he had, the goods. It is, however, said that, although Tuttle might be punished in this state, he may still be punished in New Hampshire. And wherefore should he not? For myself, I feel no such tenderness for thieves, as to desire that they should not be punished wherever guilty. If they offend against the laws of two states, I am willing they should he punished in both.
The mischiefs which would result from the establishment of a principle whereby a commerce in stolen goods might be carried on with impunity, are incalculable. A depot of plunder might be here established, and gangs of desperate villains employed in the neighboring states for its support; and all the remedy that could be afforded to the injured would be by actions, which, in nine instances out of ten, might fail, for * want of iden- [ * 23 ] iifying the property ; for the owners could not be witnesses in their own behalf. Should goods be stolen by one of a gang in New Hampshire, and sent to his partner here, by an innocent carrier, although the receiver might not be punishable as accessory, for receiving stolen goods knowingly, yet I have no doubt but that he might be amenable to justice as a principal offender.
But, whatever I might think upon this question were it res integra, I now feel myself bound by authority. The case in York was many years ago decided, and, as we are informed by the Chief Justice, on solemn argument. In the case in Bristol, although it was in a trial to the jury, the law was taken to be established. I myself remember many cases where similar convictions have taken ¡ lace, and no question made but that they were right. It is now, therefore, much too late to call in question the principle. If the legislature perceive any mischiefs from the establishment of it, it is in their power, and in their power only, to correct it.

 1 Hawk. P. C. c. 33, § 9. 3 *